IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
MISCELLANEOUS CASE NO. 1:23-mc-00021-MR

FILED
CHARLOTTE, NC

NOV 01 2023

US District Court
Western District of NC

IN RE: STANDING ORDER OF )
INSTRUCTIONS REGARDING )
*PRO SE* LITIGANTS IN CIVIL ) **STANDING ORDER**
ACTIONS )
)

**THIS MATTER** is before the Court to advise *pro se* litigants of several essential requirements of proceeding in this Court.

**IT IS, THEREFORE, ORDERED** as follows:

1. It is the *pro se* litigant's responsibility to become familiar with the applicable rules and procedures, including the Federal Rules of Civil Procedure and this Court's Local Rules, which are available on its website, http://www.ncwd.uscourts.gov/.

2. A *pro se* litigant who brings a civil action may seek permission to proceed *in forma pauperis* without having to pay the full filing fee. In seeking to proceed *in forma pauperis*, the *pro se* litigant shall use the "long form," AO Form 239, which is available at https://www.uscourts.gov/forms/civil-forms. In the event that the *pro se* litigant is unable to pay the full filing fee at the time the action is filed, the Court may assess an initial partial filing fee. The

filing fee is due the moment that a complaint or notice of appeal is filed; the filing fee will be assessed regardless of how the matter is disposed of, including by voluntary dismissal.

3. It is the *pro se* litigant's responsibility to keep the Court advised of his/her current address at all times. A change of address must be labeled "Notice of Change of Address" and must not include any motions or information except for the new address and the effective date of the change. If the *pro se* litigant's address changes and no Notice is promptly filed with the Clerk of Court, the case may be dismissed for lack of prosecution (if the *pro se* litigant is the plaintiff) or an entry of default may be made (if the *pro se* litigant is the defendant).

4. All documents filed in the case must include the case number at the top of the first page. Documents shall include only one civil case number, and any document that lists multiple case numbers may be returned and/or stricken. The *pro se* litigant must send the original document to the Clerk of Court, and a copy to each of the parties. No original document should be sent directly to a Judge. Only documents properly filed with the Clerk of Court will be docketed in the case. If the *pro se* litigant wishes to receive a file stamped copy returned for his or her records, the *pro se* litigant must provide an extra copy of the document to the Clerk of Court.

5. Letters sent to the Clerk of Court or Judge will not be answered. Only Motions will be ruled on by the Court.

6. The *pro se* litigant and his/her family and friends must not call any Judge's office for any reason. No information about the case can be obtained from the Judge's office. Brief questions about case status may be directed to the Clerk of Court; however, no Court employee can provide legal advice to any litigant.

7. It is the *pro se* litigant's responsibility to actively pursue his/her case, obtain any essential discovery in compliance with the applicable rules and procedure, file necessary pleadings and motions, comply with Court orders, refrain from making frivolous or duplicative filings, and expeditiously prepare the case for trial. See, e.g., LCvR 26.1 ("Official Court- enforceable discovery does not commence until issuance of the Scheduling Order."); LCvR 26.2 ("The parties shall not file any initial disclosures, designations of expert witnesses and their reports, discovery requests or responses thereto, deposition transcripts, or other discovery material unless: (1) directed to do so by the Court; (2) the materials are needed for an in-Court proceeding; or (3) the materials are filed to support or oppose a motion or petition."); Fed. R. Civ. P. 26(b)(2)(C) ("On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local

rule if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)."). Sanctions for abusive litigation may include a prefiling injunction.

8. Premature, misdirected, or otherwise improper filings will not be permitted. See generally Dietz v. Bouldin, 579 U.S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases.").

9. Failure to comply with this or any other Court Order and/or applicable rules may result in sanctions up to and including dismissal of the action.

10. If the *pro se* litigant makes a filing that references an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, the *pro se* litigant may include only: (1) the last four digits of the social-security number and taxpayer-identification number; (2) the year of the

4

individual's birth; (3) the minor's initials; and (4) the last four digits of the financial-account number.

11. The Clerk of Court is hereby instructed not to issue any summonses or subpoenas on behalf of any pro se litigant in the case until specifically ordered by the Court.

IT IS SO ORDERED this the \_\_1\_\_ day of \_\_November\_\_, 2023.

*[Signature]*

Martin Reidinger
Chief United States District Judge